**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Willis R. WINTERS and Patti F. Winters,**
**Defendants-Appellants.**

**No. 27664.**

United States Court of Appeals,
Fifth Circuit.

April 10, 1970.

William Monroe Kerr, Midland, Tex., for defendants-appellants.

Johnnie M. Walters, Asst. Atty. Gen., Crombie J. D. Garrett, Harry D. Shapiro, Karl Schmeidler, Lee A. Jackson, Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., San Antonio, Tex., for plaintiff-appellee; Seagel V. Wheatley, U. S. Atty., Jamie C. Boyd, Asst. U. S. Atty., of counsel.

Before THORNBERRY, DYER and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Willis R. Winters, the taxpayer, appeals from a deficiency judgment for taxes, penalties and interest due and owing the United States.[1] The District Court rejected Winters' claim that a 1965 discharge in bankruptcy barred collection of these taxes under a 1966 amendment [2] to the Bankruptcy Act which for the first time made certain taxes dischargeable. We agree that the amendment does not apply to Winters' case. Accordingly, we affirm.

In 1964 taxpayer was assessed for unpaid federal income taxes for 1960, 1961 and 1962. Taxpayer paid the income taxes assessed for 1962, leaving taxes, penalty and interest for 1960 and 1961, which were further reduced by a loss carry-back from 1963. Taxpayer filed a voluntary petition in bankruptcy and was granted a discharge on September 24, 1965. The United States filed the complaint in this case in August, 1966 and joined as defendants the taxpayer and other parties having claims against him. In February, 1968 the District Court entered an interlocutory order embodying the terms of a settlement agree-

---

1. Taxpayer is joined in this appeal by his wife in form only. She does not dispute the validity of the District Court's judgment as to her.

2. Act of July 5, 1966, Pub.L. No. 89–496, 80 Stat. 270. Effective October 3, 1966.

ment between the parties setting out their relative interests. Under this agreement property previously claimed by taxpayer as an exempt homestead was sold, and the proceeds were distributed under the agreed formula to the claimants. The residue of the sale proceeds were paid to the United States, leaving a balance due of 2,900 dollars. The District Court then released taxpayer from all claims asserted by all claimants except the United States. In its final order the District Court held that the United States was entitled to a deficiency judgment against Winters for the remaining unpaid taxes, penalty and interest.

Taxpayer does not dispute that the tax debt would not be discharged by the bankruptcy proceeding under section 17(a) (1) of the Bankruptcy Act as it existed at the time his discharge was granted in September 1965. In pertinent part that section then provided: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States * * *." 11 U.S.C.A. § 35 (1953).

The amendments, which became effective in October 1966, changed that part of section 17(a) (1) which is applicable here to read: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy * * *." 11 U.S.C.A. § 35 (Supp.1970). Taxpayer argues that the taxes upon which the deficiency judgment was based became legally due and owing more than three years before his bankruptcy and therefore were discharged. The United States does not challenge taxpayer's reading of the substance of the amendment. Rather, the

sole question on this appeal is whether the 1966 amendment to section 17(a) (1) of the Bankruptcy Act allows a taxpayer whose bankruptcy discharge preceded the effective date of the amendment to claim the benefits of the amendment in a separate civil proceeding still in progress when the amendments did become effective.

Taxpayer does not directly claim that section 17(a) (1), as amended, should be applied to him retroactively, but instead argues that the instant civil action, which was pending at the date the amendment took effect, is within the ambit of those cases which Congress sought to include in the amendments.

Section 5(b) of Public Law 89-496 provides that: "The amendments made by this Act shall govern proceedings so far as applicable in cases pending when it takes effect."

Taxpayer contends that a reading of section 5(b) which limits the meaning of "proceedings" to *bankruptcy* proceedings would misconceive the mechanics of a discharge, because the bankruptcy court merely determines the right to a discharge, but not the effect thereof. The meaning of section 5(b), however, cannot be ascertained without regard to the overall purpose demonstrated by the act within which it appears and the pertinent legislative history. Section 5 provides for implementation of all the changes made by Public Law 89-496, not just that part amending section 17 (a) (1) of the Bankruptcy Act. Thus, the House Judiciary Committee, explaining an earlier version of the bill, stated:

"The scope of section 5(b) deals with procedures. Its purpose is to apply section 1 of the bill [which amended section 2 of the Bankruptcy Act] to cases pending on the effective date of this legislation where questions within the scope of section 1 are raised." H.R.Rep. No. 537, 87th Cong., 1st Sess. 1 (1961).

Because section 2 of the Bankruptcy Act deals specifically with the jurisdiction of *bankruptcy* courts, it is clear to us that "proceedings" as used in section 5(b) could only refer to proceedings before a bankruptcy court.[3]

 If we were to apply the 1966 amendment to Winters, then any taxpayer who had been granted a discharge before October 1966 who still has outstanding tax claims which became due and owing more than three years prior to bankruptcy could, by the mere expedient of provoking a civil action about such tax claims, now assert that these tax claims were discharged. Nowhere in the 1966 amendment, in the Bankruptcy Act itself or in the exhaustive legislative hearings, arguments and committee reports concerned with these 1966 amendments is there any language to support such a result. If suits filed or defenses interposed after the effective date of the amendments are allowed to utilize the substance of the amendments, this would amount to nothing less than applying the amendments so as to change the effect of previously granted discharges. This would constitute a circumlocutory retroactive effect which Congress did not expressly state it intended. It would be most presumptuous for a court to assume Congress meant to allow retroactivity by indirection, in the face of the established presumption which requires that only prospective operation be given every statute which changes established rights unless retroactive application is the unequivocal and inflexible import of the terms of the legislation and the manifest intention of the legislature. Greene v. United States, 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964). The date of Winters' discharge in bankruptcy sealed his rights under the law as it read before the amendments.

Affirmed.

---

3. A leading text in this field similarly regards "proceedings" as used in section 5 as limited to bankruptcy proceedings.

See 1 Collier, Bankruptcy § 17.14 [8] (14th rev. ed. 1967).