In the Matter of ABLE ROOFING & SHEET METAL COMPANY.
UNITED STATES of America, Appellant,
v.
A. Pope GORDON, Trustee, Appellee.
No. 27700.

United States Court of Appeals, Fifth Circuit.
April 27, 1970.

Ira DeMent, U. S. Atty., Montgomery, Ala., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Karl Schmeidler, Crombie J. D. Garrett, Meyer Rothwacks, Tax Division, U. S. Dept. of J., Washington, D. C., for appellant.

John B. Scott, Jr., Montgomery, Ala., for appellee.

Before JONES, BELL and GODBOLD, Circuit Judges.

JONES, Circuit Judge.

For a number of years Wilson Young and Thomas Hanna had been general partners, doing business as Able Roofing and Sheet Metal Company, in Montgomery, Alabama. They filed partnership and individual income tax returns reporting taxable income covering the years 1960 and 1961. Their partnership return for 1963, filed in 1964, showed a net loss of $57,254.63. Young and Hanna carried back this reported loss for 1963 and made a claim for refund of taxes paid on their 1960 and 1961 returns. On September 12, 1964, the Internal Revenue Service paid them refunds for these years totalling $3,688.24, with interest. An Internal Revenue Service audit in 1966 resulted in the disallowance of a substantial part of the loss claimed on the 1963 partnership return. On October 28, 1966, assessments were made against Young and Hanna, resulting from the disallowance of the losses claimed and carried back to their 1960 and 1961 tax computations.

On December 1, 1966, the partners and the partnership were adjudicated bankrupts. The Government filed a proof of claim based on the October 28, 1966 assessment. The bankrupts' estates were administered and they made applications for discharges in bankruptcy. The referee held that the claim of the United States was discharged be-

cause it was a claim for taxes due and owing more than three years before bankruptcy. The district court affirmed. The Government has appealed, contending that its tax claim originated in 1964 when it paid refunds to the taxpayers based on their application for tentative carryback adjustments to their 1960 and 1961 taxes.

The decision in this case turns on the construction and application of amended Section 17 of the Bankruptcy Act, which provides that

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: * * *". 11 U.S.C.A. § 35 (1953), as amended (Supp.1970).

Prior to the enactment of this amendment in 1966, a discharge did not relieve a bankrupt from liability for any taxes whether Federal, state or local.[1] A report by the Committee on the Judiciary of the House of Representatives shows that this amendment was enacted to further the fundamental policy of the Bankruptcy Act of providing a means for the effective rehabilitation of bankrupts[2]. As stated by the Committee, "consistency with the rehabilitory purpose of the Bankruptcy Act, as well as fairness to individuals demands some time limit upon the extent of taxes excepted from discharge."[3]

The Government's position is that its claim, based on the erroneous refund, is a tax obligation, and that this tax obligation became due and owing as of the date that the refund was actually made to the bankrupts which, was within the three year statutory period.

■ The statute has not yet received settled construction. See 1 Collier, Bankruptcy, Par. 17.14 (14th Ed.1969). Precedents are not plentiful but such as are to be found state that a claim for a refund erroneously made does not create a liability for taxes. Marshall v. United States, E.D.Tex.1958, 158 F.Supp. 793; 9 Mertens Federal Income Taxation, Ch. 54, p. 28, § 54.09. The case of United States of America v. Winters,[4] recently decided by this Court, is not applicable to the facts of this case. The dearth of authorities to be quoted and cited does not create a doubt as to the decision which should be reached.

■ It is ingeniously argued by the Government that although an assessment for an erroneous allowance of a tentative carryback adjustment may be considered for certain limited purposes as a deficiency for the years to which the loss was carried back, it represents a liability of the taxpayers which arises only when the refund is made to them by the Government. The concession made, however qualified, that the assessments were for 1960 and 1961 tax deficiencies would seem to defeat the Government's contention that the amount claimed was "legally due and owing" as a tax for the year of the deficiency assessment.

If the claim of the United States is for a tax, it can only be for a tax based upon and measured by the income of the taxpayers for the years 1960 and 1961 and the taxes for those years were "legally due and owing" not later than April 15, 1961 and April 15, 1962, respectively. Cf. In the Matter of Kopf, Bankrupt, E.D.N.Y.1969, 299 F.Supp. 182. These dates were more than three years prior to the filing of the petition in bankruptcy and therefore barred by the discharge in bankruptcy. The assessment made in 1966 was for 1960 and 1961 taxes but if it be treated as something separate and apart from 1960 and 1961 taxes on the theory that it was for the disallowance of an erroneously paid

1. 11 U.S.C.A. § 35 (1953).

2. 1966 U.S.Code Cong'l and Adm. News, p. 2468–2473.

3. Id. at 2469.

4. 5th Cir. 1970, 424 F.2d 113, [1970].

refund, then it would seem to follow that the claim of the Government was not a tax claim.

We are not persuaded that the determination by the referee and district court was wrong.

It is urged on behalf of the Government that the issue should be resolved in its favor so that prompt payment of claims for quick refund under Section 6411 of the 1954 Code[5] will not be deterred. This does not present a legal question but is one which, if it is a real problem, should be presented to the Congress and not urged upon the courts.

The judgment of the district court is affirmed.

---

5. See 26 U.S.C.A. § 6411 (1967). This section enables a taxpayer who claims a net operating loss to apply for a quick refund based on a tentative carryback adjustment.