FOTOCHROME, INC. (SUCCESSOR BY MERGER TO FOTOCHROME COLOR CORP.), ET AL.[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1077–68—1084–68.   Filed March 23, 1972

---

[1] Cases of the following petitioners are consolidated herewith: Fotochrome, Inc. (Successor by Merger to Regal Distributors, Inc.), docket No. 1078–68; Fotochrome, Inc. (Successor by Merger to Fame Foto, Inc.), docket No. 1079–68; Fotochrome, Inc. (Successor by Merger to Melrose Photo Service, Inc.), docket No. 1080–68; Fotochrome, Inc. (Successor by Merger to Lord Film Corp.), docket No. 1081–68; Fotochrome, Inc. (Successor by Merger to Fore Foto, Inc.), docket No. 1082–68; Fotochrome, Inc. (Successor by Merger to Chroma Color Corp.), docket No. 1083–68; and Frank Nadaline, Jr., and Malvina Nadaline, docket No. 1084–68.

*Morris A. Kaplan,* for the petitioners.
*Rufus H. Leonard, Jr.,* and *Donald W. Geerhart,* for the respondent.

OPINION

STERRETT, *Judge:* Respondent has filed a motion to calendar these consolidated cases for trial. Essentially the motion raises the question of whether this Court has jurisdiction to proceed to a determination of these cases.

Respondent sent seven different statutory notices, each dated December 8, 1967, to Fotochrome, Inc., determining deficiencies in the income taxes of the following corporations for the years indicated:

| Taxpayer | Taxable year ended | Docket No. |
|---|---|---|
| Fotochrome Color Corp | 3/31/60 | 1077–68 |
| Regal Distributors, Inc | 3/31/60 | 1078–68 |
| Fame Foto, Inc | 12/31/59 | 1079–68 |
| Melrose Photo Service, Inc | 6/1/60 to 9/30/60 | 1080–68 |
| Lord Film Corp | 4/30/60 | 1081–68 |
| Fore Foto, Inc | 12/31/59 | 1082–68 |
| Chroma Color Corp | 4/30/60 | 1083–68 |

Fotochrome is the successor by merger to all the above-named corporations. A statutory notice also dated December 8, 1967, was sent to the individual petitioners herein, Frank Nadaline, Jr., and Malvina Nadaline (docket No. 1084–68). Petitions were filed for all docket numbers herein on March 7, 1968. On October 21, 1968, this Court granted respondent's motion to consolidate the individual and all the aforelisted corporate cases for trial.

It is alleged by respondent that Frank Nadaline, Jr., is a substantial stockholder in all the corporations here involved, and that he is deeply inmeshed in the operations of these corporations. Respondent's theory of the case is that certain claimed business expenses of the corporations should be disallowed, and that as a result Frank should be charged with constructive dividends. This view of the case led respondent to seek a consolidation.

On March 26, 1970, Fotochrome filed a petition with the District Court for the Eastern District of New York for an arrangement under chapter XI of the Bankruptcy Act, 11 U.S.C. sec. 701 *et seq.* An order continuing the debtor, Fotochrome, in possession was entered by the referee in bankruptcy on March 27, 1970. Paragraph (5) of that order stated as follows:

That until the further order of this Court, all creditors of the debtor, including their agents, servants and employees and any Marshal of the City of New

York and Sheriff of the State of New York, acting in their behalf or in the furtherance of their claims, be and they are hereby restrained and enjoined from commencing or continuing any actions, suits, arbitrations, or the enforcement of any claim in any Court against this debtor or taking any further steps or proceedings except before this Court.

Pursuant to section 6871(a), I.R.C. 1954,[2] respondent, on May 27, 1970, made immediate assessments of the income tax deficiencies asserted in docket Nos. 1077–68 through 1083–68 against the various corporations. A timely proof of claim for the asserted deficiencies was filed in the bankruptcy proceeding on February 23, 1971. Fotochrome filed with the bankruptcy court objections to the allowance of the proof of claim on July 8, 1971. The United States, on September 23, 1971, filed a motion for adjournment of the hearing on Fotochrome's objections to the proof of claim until the correctness of the deficiencies asserted against the various corporations could be determined by the Tax Court. The referee in bankruptcy denied this motion in an order dated December 23, 1971. The referee's decision in support of the order recites that the motion for adjournment "shall be treated as an application to modify the restraining provisions of the order of March 27, 1970 so as to permit proceeding in the Tax Court instead of having a determination in this Court on the debtor's objection to the allowance of the claim." The decision by the referee concludes that, as a consequence of the respondent's filing a proof of claim, the bankruptcy court was vested "with paramount jurisdiction to determine its validity."

Respondent properly agrees that the bankruptcy court acquired jurisdiction to determine Fotochrome's tax liability for the years in issue upon the filing of a proof of claim by respondent. Nonetheless the claim is made by respondent that the Tax Court, having acquired jurisdiction to redetermine Fotochrome's tax liabilities for the years in issue prior to the filing of the chapter XI petition by Fotochrome, did not lose jurisdiction upon the filing of the proof of claim. We must agree with respondent that the jurisdiction of the Tax Court and the bankruptcy court under these circumstances is concurrent.

Early in its history this Court, then the Board of Tax Appeals, considered the question of whether it lost jurisdiction to redetermine a deficiency in taxes where the taxpayer filed in bankruptcy after having petitioned this Court for a redetermination of his taxes. In the case of *Plains Buying and Selling Association*, 5 B.T.A. 1147 (1927), we had

---

[2] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

under consideration section 282(b), Revenue Act of 1926, ch. 27, 44 Stat. (Part 2) 9, 62, which is materially the same as section 6871(b).[3] See S. Rept. No. 1622, 83d Cong., 2d Sess, p. 598 (1954), (1954 Code); *Comas, Inc.*, 23 T.C. 8 (1954), (1939 Code); *Missouri Pacific Railroad Co.*, 30 B.T.A. 587 (1934), (Revenue Act of 1932). An exhaustive exposition and examination of the legislative history of section 6871(b)'s progenitor was made by the Board. See also H. Rept. No. 356, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 373. This legislative history shows beyond peradventure that Congress intended this Court and a bankruptcy court to have concurrent jurisdiction to redetermine a deficiency in taxes asserted by the Commissioner where a taxpayer petitioned this tribunal for such redetermination prior to filing in bankruptcy.

Petitioners rest their opposition to respondent's motion on section 2a(2A) of the Bankruptcy Act, 11 U.S.C. sec. 11(2A). Inferentially, petitioners would also have reliance on sections 2a(15), 11(a), and 314 of the Bankruptcy Act, 11 U.S.C. secs. 11a(15), 29(a), 714. None of these provisions warrant our denying respondent's motion to calendar for trial.

The equivalent of section 2a(2A)[4] Bankruptcy Act, 11 U.S.C. sec. 11a(2A), appeared in the Bankruptcy Act of 1898 as part of section 64a.[5] Ch. 541, sec. 64(a), 30 Stat. 563. Thus the provision preceded sec-

---

[3] SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

[4] Sec. 2. Creation of courts of bankruptcy and their jurisdiction.

(a) The courts of the United States * * * are hereby created courts of bankruptcy and are hereby invested, * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title * * * to—

*       *       *       *       *       *       *

(2A) Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, and in respect to any tax, whether or not paid, when any such question has been contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction and the time for appeal or review has not expired, to authorize the receiver or the trustee to prosecute such appeal or review;

[5] The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.

tion 282(b), Revenue Act of 1926, which established the rule of concurrent Tax Court-bankruptcy court jurisdiction in cases such as the instant. The language empowering the bankruptcy court to make determinations on tax questions was made the second proviso of section 64b(4), Bankruptcy Act, by the Chandler Act in 1938. Ch. 575, sec. 1, 52 Stat. 874. This change was made without comment by Congress in spite of the Bankruptcy Act being extensively revised. Thus the change must have been clerical rather than substantive. See H. Rept. No. 1409, to accompany H.R. 8046 (Pub. L. No. 696), 75th Cong., 1st Sess., pp. 15, 56, 88 (1937). There matters rested until 1966 when section 2a(2A) was added to the Bankruptcy Act and the second proviso of section 64b(4), as written in 1938, was deleted. Act of July 5, 1966, Pub. L. 89–496, 80 Stat. 270, 271. Speaking of this change Congress said:

> Your committee also agrees with the amendment in the bill's which, in effect, moves the provision relating to the statutory authority of bankruptcy courts to hear and determine tax disputes from the section of the Bankruptcy Act relating to the priority of unsecured tax claims to the provision of the act relating to the jurisdiction of the bankruptcy courts. This committee understands that this amendment makes no change in present law under which a bankruptcy court cannot adjudicate the merits of any claim, including a Federal tax claim, which has not been asserted in the bankruptcy proceeding by the filing of a proof of claim. [S. Rept. No. 999, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 750.]

There is nothing in the history of section 2a(2A) of the Bankruptcy Act which indicates Congress meant to abrogate the concurrent jurisdiction established by section 6871.

Section 314 [6] of the Bankruptcy Act, 11 U.S.C. sec. 714, is, in all respects here material, similar to section 77(j) of the Bankruptcy Act, 11 U.S.C. sec. 205(j), formerly 77(1), which we considered in *Missouri Pacific Railroad Co., supra* at 589. There it was found that section 77(j) did not alter the rule of concurrent jurisdiction. So it follows that section 314 does not either.

Respondent asserts that section 11(a),[7] Bankruptcy Act, 11 U.S.C. sec. 29(a), is inapplicable because the taxes here in issue are not dischargeable. Under section 17a(1), Bankruptcy Act, 11 U.S.C. sec. 35(a)(1), taxes "legally due and owing * * * within three years preceding bankruptcy" are dischargeable. The provision for dis-

---

[6] Sec. 314. Stay of actions.

The court may, in addition to the relief provided by section 29 of this title and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation or any proceeding to enforce any lien upon the property of a debtor.

[7] Sec. 11. Suits by and against bankrupts.

(a) A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition ; * * *

charge of taxes was made in 1966 by Pub. L. 89–496, *supra*. The emerging rule appears to be that "legally due and owing," in the case of Federal taxes has reference to the proper filing date for the bankrupt's tax return. *In re Able Roofing & Sheet Metal Co.*, 425 F. 2d 699, 701 (C.A. 5, 1970); *In re Kopf*, 299 F. Supp. 182, 187 (E.D. N.Y. 1969). The latest year under consideration in present case ended in September 1960. But, whatever the proper rule for determining when taxes are legally due and owing, we find nothing in the history of the legislation adding the discharge for taxes provision which indicates an intent to limit the concurrent jurisdiction provided by section 6871. H. Rept. No. 687, 89th Cong., 1st Sess. (1965), 1966–2 C.B. 770; S. Rept. No. 999, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 743.

The quick answer to any assertion that section 2a(15)[8] of the Bankruptcy Act, 11 U.S.C. sec. 11(a)(15), limits the concurrent jurisdiction of this Court where a petitioner has subsequently filed in bankruptcy is that section 2a(15), like the essence of 2a(2A), has been in the Bankruptcy Act since 1898. Ch. 541, sec. 2a(15), 30 Stat. 546; and sec. 282 (b), Revenue Act of 1926, was enacted thereafter. In *Missouri Pacific Railroad Co.*, *supra*, we had before us an order of a bankruptcy court containing language staying all suits against the debtor just as the above-quoted paragraph (5) of the referee's March 27, 1970, order enjoined suits against the debtor. The referee's December 23, 1971, order is but a reassertion of his March 27, 1970, order. Such general injunctive language did not prevent us from exercising our concurrent jurisdiction in *Missouri Pacific Railroad Co.* and so it does not here.

The jurisdiction of this Court is to redetermine deficiencies in taxes asserted by the Commissioner under subtitle A and B, and chapter 42 of the Internal Revenue Code of 1954. Secs. 6212, 6213, and 7442. In exercising this jurisdiction we do not pretend to allow or disallow a claim against a debtor's estate based on a deficiency in taxes or to discharge taxes as a bankruptcy court might. As we have said on another occasion:

the Tax Court was set up by the Congress as a tribunal possessed of special competence in tax matters, and, as such, should not forbear to decide issues properly before it. [*James H. S. Ellis*, 14 T.C. 484, 487 (1950).]

In cases of concurrent jurisdiction the court which first reaches the case for trial may then proceed to a final decision without interruption and the doctrine of res adjudicata will apply to the result. *Ohio Steel Foundry Co.* v. *United States*, 38 F. 2d 144, 149, 150 (Ct.

---

[8] This section empowers a bankruptcy court to :

"Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title : *Provided, however,* That an injunction to restrain a court may be issued by the judge only ;"

Cl. 1930), *Comas, Inc.*, *supra* at 10–11. We have not been shown that the bankruptcy court has calendared the deficiencies asserted against Fotochrome for determination.

Respondent's motion to calendar these cases for trial is granted, and

*Appropriate orders will be issued.*

––––––––––

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.