THOMAS J. GINELLA, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Ginella v. Commissioner
Docket No. 24231-88
United States Tax Court
T.C. Memo 1990-648; 1990 Tax Ct. Memo LEXIS 723; 60 T.C.M. (CCH) 1505; T.C.M. (RIA) 90648; December 27, 1990, Filed *723 An order terminating the stay and restoring this case to the general docket will be issued. John J. Mullane, Jr., for the *724 petitioner. Ann Murphy and Daniel P. Ramthun, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
*2152 MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b)(3) of the Code and Rule 180 et seq. [1] to conduct a hearing on the Court's show cause order as to why the stay of proceedings herein should not be lifted and the case restored to the general docket. Respondent determined by notice of deficiency mailed June 21, 1988, deficiencies in petitioner's Federal income taxes as follows: Additions to tax
Year
Tax
Sec. 6653(b)
Sec. 6654
Sec. 6661
1980
$  4,962.40
$  2,481.00
$   211.00
--  1981
34,512.86
17,257.00
2,415.00
--  1982 *
30,757.00
15,379.00
1,169.00
$ 7,689.00
1983*
14,766.00
7,383.00
789.00
3,692.00
*725 When petitioner timely filed his petition herein he was a resident of San Francisco, California. On February 3, 1989, after the filing of his petition, petitioner filed a petition under Chapter 7 with the United States Bankruptcy Court for the Northern District of California. As a result of that proceeding, the automatic stay provisions of 11 U.S.C. section 362(a)(8)[2] were in effect and the scheduled Tax Court trial was stayed. Petitioner was released from all dischargeable debts by the bankruptcy court on July 24, 1989; as a consequence of the discharge, this Court issued its show cause order. *726 Petitioner's basic position is that respondent had notice of the bankruptcy proceeding but failed to take any action therein; accordingly, petitioner argues that his tax liabilities have been discharged under the July 24, 1989, bankruptcy court order. Petitioner does not contend that the automatic stay provisions of 11 U.S.C. section 362(a) are still in effect. He does argue, however, that this Court should consider whether the tax deficiencies were discharged by the bankruptcy court. If this Court will not do that, petitioner contends the logical approach in this matter would be for this Court to require respondent (not petitioner) to file an action in *2153 the bankruptcy court to determine the question of dischargeability of the tax deficiencies; then, argues petitioner, should the bankruptcy court determine that the tax deficiencies were not discharged, the matter would be heard by the Tax Court to redetermine the amount of such tax deficiencies. Petitioner points out that he included respondent on his list of creditors in his bankruptcy filing and that respondent did not file a claim. Respondent, on the other hand, contends that the automatic *727 stay provisions are terminated by operation of law and that this case should be restored to the general docket for trial on the substantive issues in the case. He also contends that the bankruptcy was a "no asset" bankruptcy proceeding under Chapter 7 in which creditors were not required to file claims and respondent did not do so. We agree with respondent that the automatic stay provision has been terminated and this case should be restored to the general docket. We will not consider whether the tax deficiencies are discharged. We held, in Neilson v. Commissioner, 94 T.C. 1 (1990), that this Court has no jurisdiction to determine whether a taxpayer's taxes were discharged in a bankruptcy proceeding, that being a matter for the jurisdiction of the bankruptcy court. We went on in Neilson to hold that the Tax Court nevertheless had jurisdiction to redetermine Federal income tax deficiencies with respect to prebankruptcy tax years, and we then, in fact, did so redetermine. As we stated in Neilson at 9: As a general rule, the Tax Court's jurisdiction to consider tax matters depends on a notice of deficiency and a timely filed petition. Rule 13; secs. *728 6212 and 6213. This Court has limited jurisdiction conferred by statute. See sec. 7442; Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392, 396 (1971); Magazine v. Commissioner, 89 T.C. 321, 326 (1987). The redetermination of an income tax deficiency has "nothing to do with collection of the tax nor any similarity to an action for collection of a debt, nor does it involve any other rights and remedies of the sort traditionally enforced in an action at law." Swanson v. Commissioner, 65 T.C. 1180, 1184 (1976). In exercising our jurisdiction to redetermine deficiencies, we are without jurisdiction to "allow or disallow a claim against a debtor's estate * * * or to discharge taxes as a bankruptcy court might." Fotochrome, Inc. v. Commissioner, 57 T.C. 842, 847 (1972). * * We held to similar effect in Terrell v. Commissioner, T.C. Memo. 1990-323, where we granted respondent's motion to strike for lack of jurisdiction those portions of a petition in which taxpayer claimed his taxes for the year in issue were discharged in bankruptcy. See also Graham v. Commissioner, 75 T.C. 389 (1980). *729 Both parties are in agreement that the automatic stay under 11 U.S.C. section 362(a)(8) has terminated as a result of the bankruptcy court order of discharge. We hold that we have no jurisdiction to ascertain if the taxes in question have been discharged. Further, we decline the request of petitioner to ascertain which party has the obligation, if any, of going forward to the bankruptcy court for a ruling on dischargeability. Just as we have no jurisdiction to decide whether taxes are discharged, we similarly have no jurisdiction to decide which, if any, party has the obligation to go to the bankruptcy court to seek a ruling on whether the taxes have been discharged. We do, however, have jurisdiction to redetermine the taxes for the years in question, and in order to do that, our stay order will be terminated and this matter will be restored to the general docket. An order terminating the stay and restoring this case to the general docket will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. The correct statutory reference is section 6653(b)(1) for each year. Respondent also determined an addition to interest in 1982 and 1983 under section 6653(b)(2).↩
2. All references to 11 U.S.C. are to the 1988 edition.↩