ROY E. MCALISTER AND KATHLEEN A. MCALISTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McAlister v. Commissioner
Docket No. 33262-87
United States Tax Court
T.C. Memo 1993-166; 1993 Tax Ct. Memo LEXIS 170; 65 T.C.M. (CCH) 2424; April 15, 1993, Filed *170 Roy E. McAlister and Kathleen A. McAlister, pro sese. For respondent: Marikay Lee-Martinez. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before us on petitioners' motion to dismiss for lack of jurisdiction. Respondent determined deficiencies in petitioners' joint Federal income taxes and additions to tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1983
$ 223,299
$ 22,330
$ 11,165
*
$ 55,825
1984
9,246
--  462
*
2,312
Petitioners argue that this case should be dismissed against respondent on the grounds that petitioners' deficiencies in Federal income taxes and additions to tax for 1983 and 1984 were discharged in bankruptcy. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners resided *171 in Phoenix, Arizona, when they filed their petition. On May 29, 1984, petitioners filed with respondent a joint Federal income tax return for 1983. Petitioners timely filed with respondent a joint Federal income tax return for 1984. On March 3, 1987, respondent mailed to petitioners a notice of deficiency in which respondent determined deficiencies in petitioners' 1983 and 1984 Federal income taxes and additions to tax as set forth above. On May 18, 1987, petitioners mailed a petition to the Tax Court in which they contested respondent's determination of deficiencies and additions to tax in their 1983 and 1984 joint Federal income taxes. Because respondent was unaware that petitioners had timely filed a petition in the Tax Court with respect to their 1983 and 1984 joint Federal income taxes, respondent, on August 3, 1987, and on August 10, 1987, prematurely assessed deficiencies in petitioners' 1983 and 1984 joint Federal income taxes and additions to tax. Due to an oversight, the petition mailed by petitioners to the Tax Court on May 18, 1987 (with respect to petitioners' 1983 and 1984 deficiencies in Federal income taxes and additions to tax), was not filed by the Court until *172 October 6, 1987. By order dated October 6, 1987, however, the Court treated petitioners' petition for 1983 and 1984 as timely filed on May 18, 1987 (the date petitioners mailed their petition to the Court). On April 16, 1988, respondent abated the premature assessments of deficiencies and additions to tax in petitioners' 1983 and 1984 joint Federal income taxes. On January 25, 1991, petitioners voluntarily filed for bankruptcy under chapter 11 of the Bankruptcy Code. See In re Roy E. McAlister and Kathleen A. McAlister, No. 91-00923 (Bankr. D. Ariz., April 7, 1992). The chapter 11 proceeding was later converted to a chapter 7 proceeding. During the pendency of the bankruptcy proceeding, the proceedings in this case pertaining to 1983 and 1984 were stayed. In the bankruptcy proceeding, respondent stipulated to the discharge of petitioners' deficiencies in Federal income taxes and additions to tax for 1977, 1978, 1979, and 1980. Respondent, however, did not stipulate that petitioners' deficiencies in Federal income taxes and additions to tax for 1983 and 1984 would be discharged in bankruptcy. On April 7, 1992, petitioners were granted a discharge in bankruptcy. In the *173 instant motion to dismiss for lack of jurisdiction, petitioners argue that their alleged deficiencies in Federal income taxes and additions to tax for 1983 and 1984 were discharged in bankruptcy. Respondent argues that such tax deficiencies and additions to tax were not discharged. The Tax Court has limited jurisdiction and may exercise only the powers conferred by statute. See sec. 7442; Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Graham v. Commissioner, 75 T.C. 389, 399 (1980). This Court lacks jurisdiction to determine whether taxpayers have been discharged in bankruptcy with respect to Federal income taxes and additions to tax for the years at issue. Neilson v. Commissioner, supra; Graham v. Commissioner, supra; see also Fotochrome, Inc. v. Commissioner, 57 T.C. 842, 847 (1972). Our lack of jurisdiction to determine whether petitioners' deficiencies in Federal income taxes and additions to tax for 1983 and 1984 were discharged in bankruptcy does not, however, limit our jurisdiction to redetermine those deficiencies *174 and additions to tax. See 11 U.S.C. sec. 362(c)(2) (1988); Neilson v. Commissioner, supra at 6-8; Graham v. Commissioner, supra at 398. Our jurisdiction herein is triggered by respondent's timely notice of deficiency, petitioners' timely filed petition, and the expiration of the bankruptcy stay due to petitioners' discharge from bankruptcy. Secs. 6212 and 6213; Rule 13; Neilson v. Commissioner, supra at 9. We hold that we have jurisdiction to redetermine petitioners' deficiencies in Federal income tax and additions to tax for 1983 and 1984. Petitioners' motion to dismiss for lack of jurisdiction is hereby denied. An appropriate order will be issued. Footnotes
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩