T.C. Memo. 1998-321

UNITED STATES TAX COURT

ROBERT J. HOAGLUND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18418-97.                    Filed September 9, 1998.

Robert J. Hoaglund, pro se.

<u>Margaret C. Tinagero</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  This case is presently before the Court on respondent's Motion For Judgment On The Pleadings pursuant to Rule 120.

Respondent determined a $10,995 deficiency in petitioner's Federal income tax for 1994, and a $2,199 accuracy-related penalty pursuant to section 6662.

Unless indicated otherwise, all section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On July 14, 1998, respondent filed a Motion For Judgment On The Pleadings pursuant to Rule 120, claiming that the undisputed facts in the pleadings require judgment in favor of respondent as a matter of law.  On August 17, 1998, petitioner filed a Response To Respondent's Motion For Judgment On The Pleadings.

The sole issue for decision is whether an order of the U.S. Bankruptcy Court for the Central District of California discharged petitioner's debt to respondent for the 10-percent additional tax pursuant to section 72(t) on premature distributions from an individual retirement account (IRA).

The facts set forth below are derived from the pleadings filed by the parties.

Background

At the time the petition was filed, petitioner resided in Thousand Oaks, California.

By a notice of deficiency dated July 7, 1997, respondent determined various increases in petitioner's Federal income tax for 1994, including a 10-percent additional tax pursuant to section

72(t) for premature distributions from an IRA.  In a petition to this Court filed on September 8, 1997, petitioner disputed only respondent's attempt to collect the additional tax for premature distributions, asserting that such debt was discharged by order of the bankruptcy court, effective July 30, 1996.

Attached to the petition filed by petitioner was a copy of the bankruptcy court's discharge order.  The order indicates that petitioner filed a petition with the bankruptcy court on April 24, 1996, pursuant to chapter 7 of the Bankruptcy Code (11 U.S.C.). The order further provides that no complaint objecting to the discharge of petitioner's debt was filed, or in the alternative that if one was filed, it was not sustained.  Consequently, the bankruptcy court ordered the following:

> 1.   The above-named debtor [petitioner] is released from all dischargeable debts, except those pending complaints which will be determined later.
>
> 2.   Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor [petitioner] with respect to any of the following:
>
> (a) debts dischargeable under 11 U.S.C. Section 523;
>
> (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. Section 523(a);
>
> (c) debts determined by this court to be discharged.
>
> 3.   All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any

process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

The order of discharge was entered on July 30, 1996.

In answer to petitioner's petition, respondent generally denied petitioner's allegation that the bankruptcy court had discharged petitioner's debt for the additional tax on premature distributions. In reply to that answer, petitioner asserted that respondent failed to object to the discharge of petitioner's debts after notice by the U.S. Trustee assigned to the case, and petitioner argued that the doctrines of res judicata and collateral estoppel prohibited respondent from attempting to collect the additional tax on premature distributions.

Discussion

Rule 120 provides that after the pleadings in a case are closed but within such time as not to delay the trial, a party may move for judgment on the pleadings. The granting of a motion for judgment on the pleadings is proper only where the pleadings do not raise a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Abrams v. Commissioner, 82 T.C. 403, 408 (1984); Anthony v. Commissioner, 66 T.C. 367 (1976), affd. without published opinion 566 F.2d 1168 (3d Cir. 1977). We find that no genuine issue of material fact is in dispute herein.

Respondent is not herein entitled to judgment as a matter of law because we do not have jurisdiction to address the issue raised

by respondent's motion for the reason explained below. However, because no justiciable issue is raised in the petition, we shall on our own initiative dismiss petitioner's case for failure to state a claim on which relief can be granted.

Respondent argues that "It is a legally [sic] impossibility for the amounts at issue to have been discharged in the bankruptcy case." Respondent reaches this conclusion through a reading of 11 U.S.C. sec. 523 (1994) which provides exceptions to the dischargeability of debts under the Bankruptcy Code, including chapter 7 petitions. Respondent directs us specifically to section 523(a)(1)(A) and (a)(7) of the Bankruptcy Code which identifies the type of taxes that are nondischargeable. Section 523(a) provides, in part, as follows:

SEC. 523. EXCEPTIONS TO DISCHARGE.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

(1) for a tax or customs duty--

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8)[1] of this title, whether or not a claim for such tax was filed or allowed; * * *

---

[1] Sec. 507(a) of the Bankruptcy Code sets forth a priority listing for the payment of expenses and claims against a debtor's estate. Sec. 507(a)(8) of the Bankruptcy Code provides a priority for unsecured claims of governmental units for taxes measured by income or gross receipts within the time periods set forth therein.

　　　　*　　　*　　　*　　　*　　　*　　　*　　　*

　　　　　　(7) to the extent such debt is for a fine, penalty, or forfeiture payable and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty--

　　　　　　　　(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

　　　　　　　　(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition; * * *

Respondent asserts that the additional tax under section 72(t) falls within the confines of these exceptions and therefore is nondischargeable by the bankruptcy court.

Petitioner argues, in essence, that the additional tax under section 72(t) is a tax penalty rather than an income tax, and that the penalty is a dischargeable debt. Petitioner further reiterates his position in the petition and reply to respondent's answer that the bankruptcy court has already resolved this issue through its order. Alternatively, petitioner asks us to remand the issue back to the bankruptcy court for resolution.

The parties apparently request us to determine the characterization of the deficiency arising under section 72(t) for purposes of determining its dischargeability. In this regard, we note the existence of various tests for analyzing the proper characterization of items as taxes for purposes of priority under

the Bankruptcy Code.  See, e.g., <u>City of New York v. Feiring</u>, 313 U.S. 283 (1941); <u>In re Cassidy</u>, 983 F.2d 161 (10th Cir. 1992)[2]; <u>In re Lorber Indus. of Cal., Inc.</u>, 675 F.2d 1062 (9th Cir. 1982).

The Tax Court is a court of limited jurisdiction conferred by statute.  Sec. 7442; <u>Commissioner v. Gooch Milling & Elevator Co.</u>, 320 U.S. 418 (1943); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  As such, our jurisdiction does not extend to deciding whether a deficiency was discharged in a prior bankruptcy proceeding.  <u>Neilson v. Commissioner</u>, 94 T.C. 1, 8-9 (1990); <u>Graham v. Commissioner</u>, 75 T.C. 389, 399 (1980).  "In exercising our jurisdiction to redetermine deficiencies, we are without jurisdiction to 'allow or disallow a claim against a debtor's estate * * * or to discharge taxes as a bankruptcy court might.'"  <u>Neilson v. Commissioner</u>, <u>supra</u> at 9 (quoting <u>Fotochrome, Inc. v. Commissioner</u>, 57 T.C. 842, 847 (1972)).  Consequently, we are unable to address the proper characterization of the deficiency arising under section 72(t) for purposes of determining its dischargeability under the Bankruptcy Code.  This issue is properly resolved by the bankruptcy court, not the Tax Court.  Therefore, respondent's motion will be denied.  However, because petitioner does not dispute any of the underlying deficiencies nor the

---

[2]    Interestingly, the Court of Appeals for the Tenth Circuit in <u>In re Cassidy</u>, 983 F.2d 161 (10th Cir. 1992), held that the 10-percent additional tax under sec. 72(t) was characterized as a nonpecuniary loss penalty rather than a tax for purposes of priority under the Bankruptcy Code.

accuracy-related penalty determined by respondent in the notice of deficiency, and because there is no justiciable issue before us, we shall dismiss petitioner's case for failure to state a claim on which relief can be granted.

To reflect the foregoing,

<u>An order denying respondent's motion will be issued; an order of dismissal and decision in favor of respondent will be entered</u>.