In the Matter of **CERTIFIED CREDIT CORPORATION, Bankrupt.**
No. 31984.

United States District Court,
S. D. Ohio, E. D.
March 26, 1971.

Lyman Brownfield of Brownfield, Kosydar, Bowen, Bally & Sturtz, Columbus, Ohio, for plaintiff-trustee.

William Milligan, U. S. Atty., Robert D. Zitko, Asst. U. S. Atty., and Paul R. Wallace, Dept. of Justice, Asst. U. S. Atty., for the United States.

OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the United States of America's Petition for Review and the trustee's Cross-Petition for Review of the Referee's order of November 20, 1969.

The bankrupt, Certified Credit Corporation (Credit) merged with Certified Mortgage Corporation (Mortgage) on December 31, 1959. The claim at issue on this appeal arises out of an assessment made by the Internal Revenue Service on June 11, 1963 against Credit for an alleged income tax liabil-

ity of Mortgage for the year 1959. The Referee allowed the tax claim of the United States as a non-priority unsecured general claim in the amount of $45,634.98.

■■ The Petition for Review presents the following questions certified by the Referee:

1. Did the Referee err in determining that the date upon which the taxes involved herein became "legally due and owing" within the meaning of Section 17 of the Bankruptcy Act, was December 31, 1959, the close of the tax year or at the earliest, no later than March 15, 1960, the "return date"?

2. Did the Referee err in determining that where the tax liability would be subject to a general discharge given to a corporate taxpayer, the United States is entitled only to a general creditor status regardless of whether such discharge was actually requested or granted?

■■ The Cross-Petition for Review presents the following questions certified by the Referee:

1. Did the Referee err in holding that the United States as a claimant for income taxes was entitled —in addition to the prima facie presumption of validity which attaches to any formal proof of claim—to a presumption of validity pertaining to the tax assessment process?

2. Did the Referee err in holding that in connection with a claim against a bankrupt by the United States for income taxes, deductions from income for the purpose of calculating taxable income are equivalent to setoffs against a non-tax claim, thus placing the burden of proof on the trustee to establish all deductions?

The Referee fully and completely considered the questions raised by the

United States and the trustee in his Opinion and Order entered November 20, 1969. The Court has carefully reviewed the Referee's Opinion and Order and the memoranda of the parties.

Upon consideration, this Court adopts and confirms in full text the findings, conclusions and order of the Referee.

Whereupon, the Petition for Review is dismissed, and the Cross-Petition for Review is dismissed.