In re William F. PHILLIPS, Jr., Janet N. Phillips, Debtors.

Bankruptcy No. 80–00647.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 1, 1983.

As Amended Feb. 4, 1983.

James D. Young, Falls Church, Va., for debtors.

Thomas M. Lawler, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, D.C., for Dept. of Justice.

Elsie L. Munsell, U.S. Atty., Alexandria, Va., for U.S.

Gerald M. O'Donnell, Alexandria, Va., trustee in bankruptcy.

MEMORANDUM OPINION AND ORDER

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The Trustee in Bankruptcy herein has objected to the Proof of Claim filed by the Internal Revenue Service on the basis that said claim was filed untimely. The debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 24, 1980. The last date for filing a Proof of Claim in this proceeding was February 11, 1981.

It is the position of the Internal Revenue Service ("the IRS") that the filing of its claim on April 9, 1981 was not untimely because Section 1305 of the Bankruptcy Code permits later filings "for taxes that become payable ... while the case is pending." 11 U.S.C. § 1305(a)(1).

Section 1305 is titled "Filing and allowance of postpetition claims" and its legislative history states that the provision was enacted to permit the filing of claims "for taxes and other obligations incurred after the filing of the Chapter 13 case." S.Rep. No. 95–989, 95th Cong., 2d Sess. 140 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5926. This language indicates an intent to restrict applicability of Section 1305 to tax liabilities on post-petition income.

The IRS admits that the basis of its claim is unpaid taxes for 1978, a pre-petition liability. These 1978 taxes, however, were not assessed by the IRS until March 2, 1981, and the Service argues that Congress intended Section 1305 to apply in such circumstances.

The phrase "become payable," used in Section 1305, is new within the context of the Bankruptcy Code. The only bankruptcy court that has construed this phrase determined that taxes "become payable" on the date the tax return covering them is due and declined to accept the government's argument that a tax claim may originate on a later date, such as the date of assessment of the amount due. *In re Pennetta,* 19 B.R. 794 (Bkrtcy.D.Colo.1982). The court in *Pennetta* relied upon a 1979 decision of the Ninth Circuit interpreting the analogous phrase "legally due and owing" used in the old Bankruptcy Act. The Ninth Circuit stated that taxes were legally due and owing on the due date of the tax return for the year in which the liability accrued. *Pan American Van Lines v. United States,* 607 F.2d 1299 (9th Cir.1979). The court based its determination on Section 6151(a) of the Internal Revenue Code, which requires payment of taxes "at the time and place fixed for the filing of the return. . . ." 26 U.S.C. § 6151(a) (1980).

This Court finds the above-cited cases persuasive and, accordingly, concludes that the taxes owed by the debtors for the year 1978 were payable on April 15, 1979. The debtors having filed their petition on June 24, 1980, the claim of the IRS is, therefore, for pre-petition taxes and is not a post-petition claim for which Section 1305 would permit filing beyond time specified in Bankruptcy Rule 13–302.

Accordingly, and for the above-stated reasons, IT IS

ORDERED, that the trustee's objection to claim No. 27 filed herein by the Internal Revenue Service in the amount of $2,139.97 be, and it hereby is, sustained.