**In re Russell Joe HATCHER, Paula Denise Hatcher.**

**Bankruptcy No. 583–01010–S.**

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Nov. 9, 1983.

Donald L. Wilson, Shreveport, La., for Republic Bank.

Joseph P. Cannatella, Jr., Shreveport, La., for debtors.

LeROY SMALLENBERGER, Bankruptcy Judge.

## FINDINGS OF FACT

The following issues are before the Court:

(1) The present value of the collateral securing the claim by Republic Bank.

(2) The capitalization rate to be applied to arrive at an appropriate schedule of payments under the plan that equal the present value of collateral securing the creditor's claim.

The debtors, Russell Joe Hatcher and Paula Denise Daves Hatcher, are indebted to Republic Bank, for a balance due on a promissory note secured by a chattel mortgage on one (1) 1982 Mazda, RX7 Automobile. The date of said note was April 14, 1982, in the original precomputed amount of $14,807.10, being payable in forty-two (42) monthly installments of $352.55, the first of said installments being due on May 14, 1982. The contractual rate of interest on the precomputed note was 17.50%

The Plan as proposed allows Republic Bank a secured status only as to a $7,500.00 amount, and proposes to pay $208.33 over the three (3) year term of the Plan. The remaining portion of Republic Bank's claim of $2,371.40 is treated as an unsecured claim.

The debtors provided the Court with the following appraisals of the automobile:

(1) The appraisal of Sammy Mondello, of Wray Ford, Shreveport, Louisiana, estimates the retail price of the automobile after repaired to be $6,995.00.

(2) The appraisal of Ken Griggs, of Tait Shreveport Dodge, Inc., Shreveport, Louisiana, estimates the value of the automobile at present to be $7,300.00.

(3) The appraisal of Larry Glenn Free, of Free's Automotive, Blanchard, Louisiana, estimates the value of the automobile at present to be $9,077.52.

(4) The appraisal of N. Fair, of Shreve Auto, Mansfield Road, Shreveport, Louisiana, estimates the value of the automobile at $7,400.00.

(5) The appraisal of J.D. Hanson, of Moffitt Volkswagon-Mazda, Bossier City, Louisiana, estimated the automobile in its present condition at $8,000.00.

* Republic Bank obtained from Mr. J.D. Hanson an estimate of the automobile's fair market value after repairs of $8,500.00. Mr. Hanson stated that the value of the automobile in its present condition to dealer is estimated to be $6,900.00.

Republic Bank provided the Court with the following appraisals of the automobile:

(1) The appraisal of Jim Foshee, of Bill Hanna Ford, Shreveport, Louisiana, estimates the value of the automobile at $8,200.00 in present condition and with repairs to be $8,500.00.

(2) The appraisal of Harry T. Stern, who is the in-house appraiser for Commercial National Bank, estimates a present value of $7,800.00, in present condition, and with repairs to be $8,500.00.

(3) The appraisal of Larry Glen Free, of Free's Automotive, Blanchard, Louisiana, estimates the value of the automobile at present to be $9,077.52.

The present unpaid balance due to Republic Bank on their promissory note, which is secured by the chattel mortgaged automobile, is $8,650.00.

Republic Bank has offered to accept a surrender of the collateral in full satisfaction of the debtor's debt as provided by 11 U.S.C. 1325(a)(5)(C).

Republic Bank has suggested a note of 13.0% as the appropriate capitalization rate to be applied in computing the future payments which would be equivalent to the present value of the collateral.

The present yield on U.S. Treasury Bonds with a maturity date of November, 1986, is approximately 10.90%.

## CONCLUSIONS OF LAW

Now the Court is faced with the problem of setting the "value" of the secured collateral. The appraisals supplied to the Court range from $6,900.00 to $9,077.52.

In this instance the Court is strongly persuaded by the secured creditor's offer to accept the collateral in full satisfaction of the debtor's debt. The Court believes that if the collateral was substantially below this amount that the secured creditor would not make such an offer to the debtor. Therefore, the Court finds that the present value of the collateral is $8,650.00.

The secured creditor is entitled to an amount at least equal to that which it would receive upon liquidation. When the amount to be received is in the form of future payments then those sums must be discounted to their present value by an appropriate discount factor in order to determine whether those future sums in fact do equal the value that the creditor would receive upon liquidation.

The factors relevant to determining an appropriate interest rate are succinctly summarized in 5 Collier on Bankruptcy Section 1129.03, at 1129–65 (15th ed. 1982), and this discussion of an appropriate interest rate is applicable to Chapter 13 also:

> The appropriate discount (interest) rate must be determined on the basis of the rate of interest which is reasonable in light of the risks involved. Thus, in determining the discount (interest) rate, the Court must consider the prevailing market rate for a loan of a term equal to the

payout period, with due consideration of the quality of the security and the risk of subsequent default.

■ As stated in the facts, the present yield on U.S. Treasury Bonds with a maturity date of November, 1986, (36 months from today), is approximately 10.90%. U.S. Treasury Bonds are relatively risk free. Here the secured creditor is subject to the risk that the collateral will depreciate in value and that the debtor will default on his payments. Therefore, the Court finds that 13.0% is a reasonable capitalization rate.

Based upon an allowed secured claim of $8,650.00, a 36 month proposed payout, and a capitalization rate of 13.0%, the debtors monthly payments under the Plan would be $291.45.

The Court believes that the debtors are in need of some advice. At this time the debtor's resources are strained to meet their obligations, and this automobile is a lion's share of the debtor's obligations. The debtors would be wise to return this automobile to the secured creditor in full satisfaction of the debt, and replace it with a less expensive means of transportation. The Court hopes that the debtors will consider the wisdom of this advice.