**In re Samuel VENABLE, Rose Lee Venable, Debtors.**

**Bankruptcy No. 84 B 20239.**

United States District Court,
S.D. New York.

April 19, 1985.

Walter P. Zulkoski, UAW–GM Legal Services Plan, Elmsford, N.Y. for debtors.

Barbara Gunther, Corp. Counsel, City of Mount Vernon, Mount Vernon, N.Y., for City of Mount Vernon.

## DECISION ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The City of Mount Vernon, New York ("the City") objects to the confirmation of the amended Chapter 13 plan filed by Samuel and Rose Venable ("the debtors") on the ground that their offer to pay interest at the rate of 12 percent per annum on prepetition and postpetition unpaid real estate tax liens offends the City's Charter, which requires all delinquent real estate taxpayers in the City to pay interest on the unpaid taxes at the rate of 18 percent per annum. This objection calls into play various provisions under Chapter 13 of the Bankruptcy Reform Act of 1978.

### FACTS

1. On August 2, 1984, the debtors filed with this court their joint petition for an adjustment of their debts pursuant to Chapter 13 of the Bankruptcy Code.

2. Included in their schedule of assets is a three family dwelling located on South Eleventh Avenue, Mount Vernon, New York, which the debtors reside in as their principal residence. According to an affidavit sworn to on August 10, 1984 by the debtor, Samuel Venable, which was previously submitted in this case in connection with a related matter, the value of the house is $50,000.00. The holder of a purchase money mortgage against this proper-

ty has filed a claim in the sum of $35,-390.62, plus interest from January 1, 1984, at the rate of 14 percent per annum.

3. The City has filed two real estate tax claims in this case. The first claim involves unpaid prepetition real estate taxes which became a lien against the debtor's real property pursuant to the City's Charter. The prepetition tax claim, which was filed as a priority claim pursuant to 11 U.S.C. § 507(a)(6), amounts to the sum of $5378.54, together with interest at the rate of 18 percent per annum on the unpaid principal amount.

4. The City's second claim relates to unpaid postpetition real estate taxes in the sum of $936.10 and interest of $44.75 to the date of the claim at the rate of 18 percent per annum. The postpetition real property taxes also became a lien against the real property pursuant to the City's Charter and were claimed as an administration tax priority pursuant to 11 U.S.C. § 507(a)(1).

5. The debtors propose under their amended Chapter 13 plan to pay 100% of all claims, including the taxes due the City, plus interest at the rate of 12 percent per annum, over a period of 36 months.

### DISCUSSION

#### Prepetition Interest On The Prepetition Tax Claim

■ Code § 502(a) supports the allowance of a claim filed pursuant to Code § 501, including a tax obligation together with accrued interest up to the date of the filing of the petition for relief. Therefore, the City's claim for interest that matured up to the date when the debtors filed their Chapter 13 petition, which was asserted at the rate of 18 percent per annum pursuant to the City's Charter, is deemed allowed under 11 U.S.C. § 502(a) and must be paid.

#### Postpetition Interest On The Prepetition Tax Claim

■ Code § 502(b)(2), which disallows a claim for unmatured interest, reflects the well-established general principle that in bankruptcy cases interest upon claims, in-

cluding prepetition tax claims, ceases to accrue when the bankruptcy case is commenced. *Nicholas v. United States,* 384 U.S. 678, 682, 86 S.Ct. 1674, 1678, 16 L.Ed.2d 853 (1966); *City of New York v. Saper,* 336 U.S. 328, 332 (1949); *Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 163, 67 S.Ct. 237, 240, 91 L.Ed. 162 (1946). Notwithstanding the broad ban on postpetition interest, one of the exceptions to this rule that was developed by the courts in the exercise of their equitable powers in insolvency cases with respect to secured claims was that postpetition interest was permitted "where the amount of the secured creditor's security is sufficient to satisfy both the principal and interest due on the secured claim." *In re Boston and Maine Corp.,* 719 F.2d 493, 496 (1st Cir.1983) (citations omitted). This concept that an oversecured creditor may assert its right to postpetition interest was codified under 11 U.S.C. § 506(b). *See United Merchants and Manufacturers, Inc. v. Equitable Life Assurance Society (In re United Merchants and Manufacturers, Inc.),* 674 F.2d 134, 138 (2d Cir. 1982). Hence, reference should first be made to 11 U.S.C. § 506(b) in evaluating an oversecured creditor's postpetition interest claim, which reads as follows:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The statutory language expressly makes reference to the requirement that interest, as well as fees, costs or charges, must be "provided for under the agreement under which such claim arose." The necessity for a consensual authority has application to mortgages, trust deeds, pledges or conditional sales contracts where the secured creditor and the debtor have voluntarily bargained with reference to a specific se-

curity, including the realization of interest until the date of payment. The courts have permitted postpetition interest in such instances in support of the efficacy of credit arrangements and in furtherance of the expectations of the parties and have denied postpetition interest on statutory tax liens, which are beyond the area of voluntarily contracted debts. *In re Boston and Maine Corp.,* 719 F.2d at 497; *United States v. Yorke (In re Kerber Packing Company),* 276 F.2d 245, 247–48 (7th Cir.1960); *United States v. Harrington (In re Childress),* 269 F.2d 719, 723–24 (4th Cir.1959); *see also In re Trent,* 42 B.R. 279, 281 (Bkrtcy. W.D.Va.1984) (statutory judgment lien).

The only Chapter 13 case cited by the City in support of the authorization of postpetition interest on prepetition taxes under 11 U.S.C. § 506(b) is *In re Busman,* 5 B.R. 332 (Bkrtcy.E.D.N.Y.1980). However, that court merely held that the payment of an Internal Revenue Service tax claim at 100 percent over a thirty-six month period, without any interest, offended the requirements of 11 U.S.C. § 1325(a)(5)(B)(ii) that the secured creditor receive the present value of the allowed secured claim, which includes interest in order to protect the creditor from loss caused by the delayed payment. *Id.* at 341. Accordingly, the City must draw strength for its postpetition interest claim on unpaid prepetition taxes from sources other than 11 U.S.C. § 506(b) because this section does not support the postpetition payment of interest on noncontractual statutory tax liens.

The City asserts its claim for postpetition interest on the unpaid prepetition tax lien as part of its total secured claim because § 240 of the City's Charter provides that: "Unpaid interest shall be included in and deemed a part of the unpaid tax." Thus, the City's claim for interest on the delinquent prepetition taxes continues to accrue as an integral part of its tax claim into the postpetition period. This factor requires a reference to 11 U.S.C. § 1305(a)(1), which deals with postpetition claims in Chapter 13 cases and provides:

§ 1305. Filing and allowance of postpetition claims.

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending.

■ Although the City may regard its interest claim as part of the tax claim, the fact remains that the prepetition tax claim, to which the interest relates, was payable prior to the filing of the Chapter 13 petition and must be treated as a prepetition liability. Thus, 11 U.S.C. § 1305(a)(1) is not applicable because this section relates to taxes, as distinguished from interest, that became payable to a governmental unit while the case was pending. *See In re Sapienza,* 27 B.R. 526, 10 B.C.D. 358 (Bkrtcy.W.D.N.Y.1983); *In re Phillips,* 27 B.R. 94, 10 B.C.D. 4 (Bkrtcy.E.D.Va.1983).

■ The next point for consideration is the fact that in *In re Busman,* 5 B.R. at 341, the court implied that 11 U.S.C. § 1322(b)(2) might serve to protect a taxing authority's claim from being modified by a Chapter 13 debtor when the secured tax lien against real property involves the debtor's principal residence. However, a close reading of the statutory language reflects the fact that the prerequisite for nonmodification is a "security interest," as stated in 11 U.S.C. § 1322(b)(2) as follows:

§ 1322. Contents of plan.

\*      \*      \*      \*      \*      \*

(b) Subject to subsections (a) and (c) of this section the plan may—

\*      \*      \*      \*      \*      \*

(2) modify the rights of holders of secured claims, other than a claim secured only by a *security interest* in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

(emphasis added). The term "security interest" is defined in 11 U.S.C. § 101(43) to mean "lien created by an agreement." Manifestly, the City's tax lien is statutory and not consensual and, therefore, may be

modified. *In re Mitchell,* 39 B.R. 696, 700, 11 B.C.D. 1124, 1126 (Bkrtcy.D.Or.1984).

That the debtors are not precluded by 11 U.S.C. § 1322(b)(2) from modifying the City's secured tax claim does not mean that the City may be required to accept anything less than the allowed amount of the claim, which should include interest to compensate for deferred payment. A debtor may not defer payment of the secured claim without providing interest payments to the City because the allowed amount must be valued as of the effective date of the plan, as required under 11 U.S.C. § 1325(a)(5)(B) which provides:

§ 1325. Confirmation of plan.

\*      \*      \*      \*      \*      \*

(a) Except as provided under subsection (b), the court shall confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

\*      \*      \*      \*      \*      \*

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

In *In re Busman,* 5 B.R. at 341, the court concluded that the appropriate interest rate on a prepetition federal tax claim should be the rate of interest on tax liabilities fixed by 26 U.S.C. § 6621, which is currently 13 percent per annum. The various rates of interest which have been applied by the courts were summarized in *In re Mitchell,* 39 B.R. at 700, 11 B.C.D. at 1126–27 as follows:

(1) the contract rate of interest. *In re Cooper,* 11 B.R. 391, 7 B.C.D. 854 (Bkrtcy.N.D.Ga.1981); *In re Smith,* 4 B.R. 12 (Bkrtcy.E.D.N.Y.1980);

(2) the legal rate of interest. *In re Anderson,* 28 B.R. 628, 8 C.B.C.2d 1016 (Bkrtcy.S.D.Ohio 1982); *In re Crockett,* 3 B.R. 365 (Bkrtcy.N.D.Ill.1980);

(3) the rate of interest determined under 26 USC 6621 of the Internal Revenue Code. *In re Crotty,* 11 B.R. 507 (Bkrtcy. N.D.Tex.1981); *In re Ziegler,* 6 B.R. 3 (Bkrtcy.S.D.Ohio 1980); *In re Busman,* 5 B.R. 332 (Bkrtcy.E.D.N.Y.1980);

(4) the treasury bill rate. *In re Wilkinson,* 33 B.R. 933 (Bkrtcy.S.D.N.Y.1983); *In re Tacoma Recycling, Inc.,* 23 B.R. 547 (Bkrtcy.W.D.Wash.1982); and

(5) the treasury bill rate with adjustments. *In re Hatcher,* 34 B.R. 566 (Bkrtcy.W.D.La.1983), *In re Fisher,* 29 B.R. 542, 8 C.B.C.2d 628 (Bkrtcy.D.Kan. 1983) (treasury bill rate plus a 1% risk factor); *In re Willis,* 6 B.R. 555 (Bkrtcy. N.D.Ill.1980) (treasury bill rate plus an upward adjustment of .05%).

In light of the fact that the debtors' Chapter 13 plan calls for the postpetition payment of interest on the prepetition unpaid purchase money mortgage at the rate of 14 percent per annum, as provided in the mortgage bond, it is only proper that the City's prepetition tax lien with respect to the same property bear interest at the rate of 14 percent per annum. The City is the only priority claimant in this case and the present value of its secured claim, as of the effective date of the Chapter 13 plan, should not be determined by an interest rate that is less than that which the junior secured purchase money mortgagee is entitled to receive.

### *Postpetition Interest On Postpetition Taxes*

All taxes due the City from the debtors for periods subsequent to the commencement of this case are governed by Code § 1305(a)(1) and will include interest on any unpaid amount at the rate of 18 percent per annum, pursuant to § 240 of the City's Charter. Such taxes will have an administration expense status pursuant to 11 U.S.C. § 503(b)(1)(B).

### *The City's Objection To Confirmation*

In view of the fact that the debtors' plan proposes to pay postpetition interest on the City's prepetition tax lien at the rate of 12 percent per annum, rather than the 14 percent which this court views as a component of the City's allowed claim, as required under 11 U.S.C. § 1325(a)(5)(B)(ii), it follows that the City's objection to the debtors' Chapter 13 plan is sustained. The plan, as proposed, may not be confirmed.

### CONCLUSIONS OF LAW

1. The City is entitled to postpetition interest on its prepetition tax lien at the rate of 14 percent per annum in order to satisfy the City's right to receive the allowed amount of its claim, as of the effective date of the debtors' Chapter 13 plan, as required under 11 U.S.C. § 1325(a)(5)(B)(ii).

2. The debtors' proposed Chapter 13 plan fails to comply with 11 U.S.C. § 1325(a)(5)(B)(ii) to the extent that it offers to pay the City postpetition on its prepetition tax lien of an interest rate that is less than 14 percent per annum.

3. The debtors' Chapter 13 plan, as proposed, may not be confirmed.

SUBMIT ORDER on notice.